**Charles Edison OVERSTREET Jr., Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–350.**

Court of Criminal Appeals of Oklahoma.

April 10, 1987.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Joseph Luis Ruffin, Legal Intern, State of Oklahoma, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Charles Edison Overstreet, Jr., appeals from a conviction in the Tulsa County District Court of Larceny of an Automobile After Former Conviction of Two or More Felonies, a violation of 21 O.S.1981 § 1720, Case No. CRF–84–2565.

A van belonging to Sheila and Gerald Campbell was stolen from the Riverside Baptist Church on the morning of July 15, 1984.

Later that morning, Ray Bowline was driving down 31st Street when he observed a van parked behind some rental houses owned by his mother. Bowline entered the driveway to investigate and saw three (3) black men near a white Lincoln Continental, standing fifteen (15) feet from the van. Noticing Bowline, the men jumped into the Continental and sped away. Bowline followed the Continental until he came upon a police officer at which time he notified the officer of what he had observed. The officer, with the assistance of other police officers, pursued the Continental and after a short chase on foot, apprehended the three men, one of whom was the defendant.

That afternoon, the Campbells identified the van which was behind the rental house as their van. A wing window had been broken and a small calculator was missing. One of the three men, but not the defendant, was found to be in possession of the calculator. Defendant was charged with acting in concert with others to commit larceny.

In his sole assignment of error, defendant claims that the evidence was insufficient to support a conviction of larceny of an automobile. We disagree. A conviction can rest solely upon circumstantial evidence where that evidence excludes every reasonable hypothesis except that of the guilt of the accused. *Fiorot v. State*, 641 P.2d 551 (Okl.Cr.1982).

In the instant case, the defendant was positively identified as one of three men trespassing on private property in the vicinity of a van which had been stolen only a few hours before. When discovered, these men sped away from the scene. Their persistence in attempting to avoid the police is a strong indication of their culpability. Furthermore, one of the men was in possession of a calculator which had been removed from the van.

Considering the scenario which the evidence depicts, every reasonable hypothesis other than the guilt of the defendant is clearly excluded. The defendant's assignment is without merit.

The judgment and sentence is AFFIRMED.

BRETT, P.J., concurs, and PARKS, J., dissents.